### WEST v. MILLS.

(Supreme Court, Appellate Division, Second Department. May 28, 1903.)

1. REAL ESTATE AGENT—AUTHORITY—EVIDENCE.

    That a broker who wrote defendant asking if he wanted to sell certain land was authorized to sell it as defendant's agent is shown by his reply stating that he would sell it "net" for $250, and by his subsequent letters indicating that by such letter he intended to give such authority.

Appeal from Special Term, Suffolk County.

Action by George N. West against Alfred B. Mills. From a judgment directing specific performance of a contract for sale of real estate, defendant appeals. Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Thomas J. Ritch, Jr., for appellant.
George E. Darling, for respondent.

PER CURIAM. The judgment from which this appeal is taken directs the specific performance of a contract between the plaintiff and the defendant whereby the defendant, through his agent, William H. West, agreed to sell to the plaintiff certain real estate at Stony Brook, in Suffolk county. The principal question litigated upon the trial and argued before this court was whether William H. West, who was a real estate broker, was actually authorized by the defendant to make a contract with the plaintiff for the sale of the land which he assumed to sell as agent of the defendant. To establish the agency, the plaintiff put in evidence a number of letters which passed between the broker and the defendant. In answer to an inquiry from the broker as to whether he wished to sell the land in question, the defendant wrote a letter under date of May 28, 1902, saying that he had a piece of land at Stony Brook, the location of which he specified, which he would sell "net" for $250. The learned trial judge held that it was doubtful whether this letter, if standing by itself, would warrant the conclusion that William H. West was thereby authorized to sell the premises as the agent of the defendant; but, taken in connection with the subsequent correspondence, he declared it to be plain that the defendant understood that the broker was to sell the property for him upon terms so definitely fixed that no further application to him was necessary before the contract was closed. We concur in this view as to the effect of the subsequent correspondence between the broker and the defendant. These later letters of the defendant indicate that he did intend by his first letter to confer upon the broker authority to make a sale in his behalf. The subsequent letters do not constitute the authorization, but serve to interpret the meaning and intent of the defendant in sending the letter of May 28, 1902.

We are of opinion that the conclusion reached by the Special Term was correct, and that the judgment should be affirmed.